# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **JEREMY HEITZMAN** and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**CALVERT'S EXPRESS AUTO SERVICE & TIRE, LLC,**<br><br>**Defendant.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3)** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Jeremy Heitzman ("Plaintiff" or "Heitzman") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Calvert's Express Auto Service & Tire, LLC (hereinafter "Defendant" or "Calvert's"), at any time during the relevant statutes of limitations through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and pursuant to the Missouri Minimum Wage Law ("MMWL"), MO. REV. STAT. §§ 290.500, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while his Missouri state-law claim is asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.     This is a collective action to recover unpaid overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a class action pursuant to the laws of the State of Missouri to recover unpaid overtime and liquidated damages.

2.     Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Calvert's at any time during the relevant statutes of limitations through the final disposition of this matter, were paid a day rate but were not paid any overtime in violation of state and federal law.

3.     Specifically, Calvert's has enforced a uniform company-wide policy wherein it improperly classified (and continues to classify) its day rate employees—Plaintiff and the Putative Class Members—as exempt from overtime.

4.     Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.     The decision by Calvert's not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor done in good faith.

6.     Calvert's knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and on-half their regular rates for all hours worked in excess of forty (40) hours each workweek.

7.     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the state law of Missouri. Specifically, Plaintiff and the Putative Class Members did not (and currently do not) earn a salary thereby nullifying any "salary-based" exemptions to overtime.

8.     Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Missouri state-law claims as a class action pursuant to Rule 23.

9.     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.    Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Heitzman designated herein be named as Class Representative for the Missouri Class.

## II.
## THE PARTIES

11.    Plaintiff Jeremy Heitzman ("Heitzman") was employed by Calvert's within the relevant time periods. Plaintiff Heitzman did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.    The FLSA Collective Members are those current and former employees who were paid a day rate while employed by Calvert's at any time from October 12, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Heitzman worked and was paid.

13.    The MMWL Class Members are those current and former employees who were paid a day rate while employed by Calvert's in the State of Missouri at any time from October 12, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Heitzman worked and was paid.

---

[1] The written consent of Jeremy Heitzman is hereby attached as Exhibit "A."

14.     Defendant Calvert's Express Auto Service & Tire, LLC ("Calvert's" or "Defendant") is a domestic limited liability company, licensed to and doing business in Missouri, and may be served with process through its registered agent: **Nicholas J. Porto, 1616 W. 45th St., Kansas City, Missouri 64111-4340.**

## III.
## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has personal jurisdiction over Calvert's because the cause of action arose within this District and Division as a result of Calvert's' conduct within this District and Division.

18.     Venue is proper in the Western District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.     Specifically, Calvert's corporate headquarters are located in Kansas City, Missouri, and Plaintiff Heitzman worked for Calvert's in Kansas City, Missouri, all of which are located within this District and Division.

20.     Venue is proper in this this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21.     Calvert's provides autobody repair and maintenance services throughout the states of Missouri, Illinois, and Kansas.[2]

---

[2] https://calvertsexpress.com/story

22.     To provide its services, Calvert's employs several employees who are paid a day rate—Plaintiff and the Putative Class Members—who assist Calvert's customers.

23.     Calvert's paid these employees a day rate only and no overtime—including Plaintiff and the Putative Class Members.

24.     While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work.

25.     Plaintiff Jeremy Heitzman was employed by Calvert's as a Shop Manager in Independence, Missouri from approximately April of 2018 to September of 2021.

26.     Calvert's paid Plaintiff and the Putative Class Members a day rate for each day worked. That is Plaintiff and the Putative Class Members did not get paid if they did not work.

27.     Plaintiff and the Putative Class Members typically worked in excess of forty (40) hours nearly every (if not every) workweek.

28.     Plaintiff and the Putative Class Members' primary job duties included assisting Calvert's customers.

29.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

30.     Calvert's denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

31.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

32.     Calvert's applied this pay practice despite clear and controlling law that states that non-exempt employees—Plaintiff and the Putative Class Members—are entitled to overtime.

33.     Because Calvert's did not pay Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek, Calvert's' pay policies and practices violate the FLSA.

34.     Because Calvert's did not pay Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek, Calvert's pay policies and practices also violate Missouri state law.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

35.     All previous paragraphs are incorporated as though fully set forth herein.

36.     The FLSA Collective is defined as:

**ALL EMPLOYEES WHO WERE PAID A DAY RATE WHILE EMPLOYED BY CALVERT'S EXPRESS AUTO SERVICE & TIRE, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 12, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

37.     At all times hereinafter mentioned, Calvert's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38.     At all times hereinafter mentioned, Calvert's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39.     At all times hereinafter mentioned, Calvert's has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely

related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

40. Calvert's employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

41. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Calvert's who assisted Calvert's customers who live throughout the United States. 29 U.S.C. § 203(j).

43. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

44. In violating the FLSA, Calvert's acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

45. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 36.

46. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Calvert's.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

47.     Calvert's violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

48.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Calvert's acts or omissions as described herein; though Calvert's is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

49.     Moreover, Calvert's knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

50.     Calvert's knew or should have known its pay practices were in violation of the FLSA.

51.     Calvert's is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

52.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Calvert's to pay overtime in accordance with the law.

53.     The decision and practice by Calvert's to not pay overtime compensation for all hours worked over forty (40) was neither reasonable nor in good faith.

54.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Calvert's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

57.     Other similarly situated employees have been victimized by Calvert's' patterns, practices, and policies, which are in willful violation of the FLSA.

58.     The FLSA Collective Members are defined in Paragraph 36.

59.     Calvert's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Calvert's and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

60.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

61.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

62.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

63.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

64.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Calvert's will retain the proceeds of its rampant violations.

65. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

66. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 36 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of the MMWL)**

**A.     MMWL COVERAGE**

67. All previous paragraphs are incorporated as though fully set forth herein.

68. The MMWL Class is defined as:

**ALL EMPLOYEES WHO WERE PAID A DAY RATE WHILE EMPLOYED BY CALVERT'S EXPRESS AUTO SERVICE & TIRE, LLC, IN THE STATE OF MISSOURI, AT ANY TIME FROM OCTOBER 12, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Missouri Class" or "Missouri Class Members").**

69. At all times hereinafter mentioned, Calvert's has been an employer within the meaning of the MMWL. MO. ANN. STAT. § 290.500(4).

70. At all times hereinafter mentioned, Plaintiff Heitzman and the Missouri Class Members have been employees within the meaning of the Missouri Act. MO. ANN. STAT. § 290.500(3).

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MMWL**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Calvert's owes Plaintiff Heitzman and the Missouri Class Members overtime wages, as defined in section 290.505(1) of the MMWL, to compensate them for hours worked in excess of forty (40) hours in a workweek. *See* MO. ANN. STAT. § 290.505(1).

73. Plaintiff Heitzman and the Missouri Class Members are not exempt from receiving the applicable overtime benefits under the MMWL.

74.     Plaintiff Heitzman and the Missouri Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Calvert's violated the MMWL by failing to pay Plaintiff and the Missouri Class Members overtime (or indeed any overtime at all) for all hours worked over forty (40) per week. *See* MO. ANN. STAT. § 290.505.

75.     Plaintiff Heitzman and the Missouri Class Members have suffered damages and continue to suffer damages as a result of Calvert's' acts or omissions as described herein; though Calvert's is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

76.     The MMWL provides that Plaintiff Heitzman and the Missouri Class Members are entitled to recover the unpaid wages and an amount equal to twice the unpaid wages as liquidated damages. *See* MO. ANN. STAT. § 290.527.

77.     In violating the MMWL, Calvert's acted willfully and with reckless disregard of clearly applicable Missouri law.

78.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the MMWL is defined in Paragraph 68.

79.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Calvert's.

## C.     MMWL CLASS ALLEGATIONS

80.     Plaintiff Heitzman brings his MMWL claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Calvert's to work in Missouri since October 12, 2019.

81.     Class action treatment of Plaintiff Heitzman's MMWL claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

82.     The number of Missouri Class Members is so numerous that joinder of all class members is impracticable.

83.     Plaintiff Heitzman is a member of the Missouri Class, his claims are typical of the claims of the Missouri Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the Missouri Class Members.

84.     Plaintiff Heitzman and his counsel will fairly and adequately represent the Missouri Class Members and their interests.

85.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

86.     Accordingly, the Missouri Class should be certified as defined in Paragraph 68.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Calvert's as follows:

a.      For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring Calvert's to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order certifying the Missouri Act Class as defined in Paragraph 68 and designating Plaintiff Heitzman as the Class Representative for the Missouri Class;

c.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Calvert's liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the

suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e.      For an Order pursuant to Missouri law awarding Plaintiff Heitzman and the Missouri Class Members unpaid wages, liquidated damages, and other damages allowed by law;

f.      For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff Heitzman a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Calvert's, at Calvert's expense; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 21, 2021                     Respectfully submitted,

**KENNEDY HUNT P.C.**

By:     /s/ Thomas E. Kennedy, III
        Thomas E. Kennedy, III (46617MO)
        Sarah Jane Hunt (63899MO)
        4500 West Pine Blvd.
        St. Louis, MO 63108
        Phone: (314) 872-9041
        Fax: (314) 872-9043
        tkennedy@kennedyhuntlaw.com
        sarahjane@kennedyhuntlaw.com

**ANDERSON ALEXANDER, PLLC**

By:     /s/ Clif Alexander
        **Clif Alexander** *(Pro Hac Vice Anticipated)*
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        *Attorneys for Plaintiff and the Putative Class
        Members*