IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY HEITZMAN, and on behalf
of all others similarly situated,

    Plaintiff,

v.

CALVERT'S EXPRESS AUTO SERVICE,
& TIRE, LLC,

    Defendant.

Case No. 2:22-CV-02001-JAR-ADM

## ORDER

Plaintiff Jeremy Heitzman filed this action against his former employer, Defendant Calvert's Express Auto Service & Tire, LLC, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19. Plaintiff, on behalf of himself and others similarly situated, claimed that Defendant failed to pay himself, shop managers, and district managers wages for overtime due to them under the FLSA and state law.[1] After limited discovery and a failed mediation attempt,[2] the Court granted Plaintiff's Motion for Conditional Certification of Class and approved a revised Notice to Putative Class Members.[3]

The matter is presently before the Court on the parties' Joint Motion for Approval of FLSA Settlement. (Doc. 79). The proposed Settlement Agreement sets out various provisions for the creation of a Gross Settlement Fund, the terms of the release to be signed by the class members, the negotiated attorneys' fee and costs award, the service award to be paid to Plaintiff Heitzman, and the method for distribution of the Net Settlement Fund.

---

[1] Doc. 1.

[2] Doc. 57.

[3] Doc. 65.

The parties have submitted the proposed Settlement Agreement for judicial review. "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned."[4]

After careful review of the Joint Motion, the Court has determined that additional information from the parties is necessary to determine if the Settlement Agreement is fair and equitable to all parties. Although counsel for the Plaintiff seeks recovery of their attorneys' fees under the common fund approach set out by the Tenth Circuit rather than the lodestar method for determining attorneys' fees,[5] the Court finds that the record in this case necessitates a review of more detailed billing records reflecting the time spent by counsel in handling this matter. Accordingly, counsel for Plaintiff is directed to provide a *detailed* description of the number of hours worked on the matter, which attorney(s) were involved, the amount of time spent, and a general description of the work performed. This information should be filed no later than **January 20, 2023**.

Likewise, the Settlement Agreement proposed to provide a $10,000 service award to Plaintiff Heitzman. This award would be paid from the Gross Settlement Fund, in addition to Plaintiff Heitzman's *pro rata* share of the Net Settlement Fund. However, the Joint Motion fails to specify the time Mr. Heitzman spent on the case or other information or services he provided in this action to support this service award. Accordingly, Plaintiff is directed to provide additional details describing Mr. Heitzman's participation in the litigation. This information should be filed no later than **January 20, 2023**.

---

[4] *James v. Boyd Gaming Corp.*, No. 19-2260-DDC-ADM, 2022 WL 4482477, at *4 (D. Kan. Sept. 27, 2022) (citation omitted).

[5] The parties rely on *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1998) (explaining fees in common fund cases are extracted from predetermined damage recovery rather than the losing party).

Finally, the Settlement Agreement provides for the hiring of a Claims Administrator to review class members' claims and distribute the Net Settlement Fund according to the settlement terms. Although the Claims Administrator's expenses are to be deducted from the Gross Settlement Fund,[6] the parties fail to provide any estimate as to the likely cost of a claims administrator to disburse the settlement funds and to issue and deliver W-2 and IRS Form 1099s as required by the Settlement Agreement.[7] Because these costs affect the balance of the Net Settlement Fund, a reasonable estimate of these costs is required to determine if the proposed settlement is fair and equitable to all parties concerned. This information should be filed no later than **January 20, 2023**.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is ordered to file and serve a supplement filing detailing the additional information pertaining to the claimed attorneys' fees, Service Award, and estimated cost of a Claim Administrator on or before **January 20, 2023**.

**IT IS SO ORDERED.**

Dated: January 6, 2023

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[6] Doc. 79-1 at 8.

[7] *Id.* at 8, 11.