IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEREMY HEITZMAN, and on behalf of all others similarly situated,<br><br>      **Plaintiff,**<br><br>      v.<br><br>CALVERT'S EXPRESS AUTO SERVICE & TIRE, LLC,<br><br>      **Defendant.** | Case No. 22-CV-2001-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiff Jeremy Heitzman, on behalf of himself and others similarly situated, brings this putative collective action under the Fair Labor Standards Act ("FLSA") against Defendant Calvert's Express Auto Service & Tire, LLC.[1] This matter is before the Court on the parties' Amended Joint Motion for Approval of FLSA Settlement and Dismissal of Lawsuit with Prejudice (Doc. 89). As described more fully below, the Court grants the amended motion for FLSA settlement approval and dismisses this case with prejudice.

I.     **Background**

In a February 17, 2023 Memorandum and Order, the Court denied without prejudice the parties' original motion to approve their settlement agreement because they failed to submit information sufficient for the Court to make the requisite findings for final collective action certification.[2] In that Order, the Court preliminarily approved the settlement agreement, with the exception of the service award, and ordered the parties to file a renewed motion addressing final

---

[1] Plaintiff also brought a putative class action under the Missouri Minimum Wage Law ("MMWL"), but the parties filed a Stipulation of Dismissal as to that claim on March 3, 2023. Doc. 90.

[2] Doc. 87.

class certification before it could approve the settlement. They have done so in this amended motion.

## II.     Final Collective Action Certification

The FLSA allows an employee to bring a collective action on the employee's behalf and "other employees similarly situated."[3] The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[4] Section 216(b) does not define "similarly situated," but the Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[5] This involves a two-step inquiry.[6] The first step occurs at the "notice stage" of the proceedings. Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[7] At this stage, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[8] This standard is lenient and typically results in conditional certification.[9] The Court evaluated substantial similarity under this lenient standard and granted conditional certification in an October 6, 2022 Order.[10]

The second step of the substantial-similarity inquiry applies when evaluating final certification and requires the Court to consider several factors, including: "(1) the disparate

---

[3] 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013).

[4] *Id.*

[5] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001).

[6] *Id.* at 1101–03.

[7] *Id.* at 1102.

[8] *Id.* (alterations omitted) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)); *see also Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 1001 (D. Kan. 2018) (citing *Thiessen*, 267 F.3d at 1102).

[9] *Blair*, 309 F. Supp. 3d at 1001 (citing *Thiessen*, 267 F.3d at 1103).

[10] Doc. 65.

factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."[11]  Courts in the District of Kansas generally require the parties to present facts to support final certification under these factors before approving a collective action settlement.[12]

The parties have now submitted information sufficient to support final collective action certification.  As for the first factor, the parties submit evidence that the collective action members—District Managers and Shop Managers—were subject to the same day-rate/no overtime policy, regardless of division or precise job title.  This factor favors final collective action certification.

As for the second factor, the parties assert that the primary defense previously asserted by Defendant—that the collective action members were properly classified as salaried-exempt—is not an individualized defense, and the Supreme Court recently decided it does not apply to employees paid a day rate.[13]  Therefore, this factor favors final collective action certification.

---

[11] *Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095-DDC-JPO, 2019 WL 6715470, at *2 (D. Kan. Dec. 10, 2019) (quoting *Gambrell v. Weber Carpet, Inc*., No. 10-2131-KHV, 2012 WL 5306273, at *3 (D. Kan. Oct. 29, 2012)).

[12] *See, e.g.*, *id.*; *James v. Boyd Gaming Corp.*, No. 19-2260-DDC, 2022 WL 4482477, at *7 (D. Kan. Sept. 27, 2022); *Barbosa v. Nat'l Beef Packing Co.*, No. 12-2311-KHV, 2015 WL 4920292, at *4 (D. Kan. Aug. 18, 2015). *But see Jackson v. U.S. Bancorp.*, No. 20-2310-EFM, 2022 WL 744693, at *2 (D. Kan. Mar. 11, 2022) (declining to require final collective action approval because "some . . . courts have expressly recognized that approval of an FLSA settlement does not require final approval of a collective action") (first citing *Johnston v. N. Fla. Reforestation Servs.*, No. 20-539, 2021 WL 6205946, at *1 n. 2 (M.D. Fla. Dec. 23, 2021); then citing *Urbas v. Nutritious Lifestyles, Inc.*, No. 19-855-34, 2020 WL 264686, at *3 n.2 (M.D. Fla. Jan. 2, 2020); then citing *Metzler v. Med. Mgmt. Int'l, Inc.*, No. 19-2289-T-33, 2020 WL 5994537, at *1-2 (M.D. Fla. Oct. 9, 2020); and then citing *Banks v. Pyramid Consulting, Inc.*, No. 18-078, 2019 WL 3328493, at *1 (S.D. Cal. Jan. 28, 2019)).

[13] *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 143 S. Ct. 677, 692 (2023).

The third factor also favors final collective action certification. As the parties assert, permitting plaintiffs to pool their resources favors collective action certification, as does a policy of encouraging settlement.[14]

In sum, the Court already preliminarily approved the settlement agreement, with the exception of the service award to Plaintiff Heitzman, which the Court reduced to $2,000. The Court now grants final collective action certification; therefore, the Court approves the parties collective action settlement as described in this Order and the Court's February 17 Order.

**IT IS THEREFORE ORDERED BY THE COURT** that the parties' Amended Joint Motion for Approval of FLSA Settlement and Dismissal of Lawsuit with Prejudice (Doc. 89) is **granted**. The Court grants final collective action certification and approves the settlement agreement, with the exception of the service award, which it reduces to $2,000.

**IT IS FURTHER ORDERED** that this case is hereby **dismissed with prejudice**.

**IT IS SO ORDERED.**

Dated: March 16, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[14] *Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095-DDC-JPO, 2020 WL 2900950, at *2 (D. Kan. Jan. 21, 2020) (collecting cases).